SULLIVAN, HILL, LEWIN, REZ & ENGEL
A Professional Law Corporation
  James P. Hill, SBN 90478
  Donald G. Rez, SBN 082615 *pro hac vice*
  Effie D. Sahihi, NV SBN 7025
228 South Fourth Street, Second Floor
Las Vegas, NV 89101
Telephone:   (702) 382-6440
Fax Number:  (702) 384-9102
Email: hill@shlaw.com

Counsel for William A. Leonard, Jr.,
Receiver

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA - LAS VEGAS DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>INTEGRATED EQUITIES, INC. and JEFFREY ALLEN WESTON,<br><br>    Defendants.<br><br>and<br><br>BRENDA M. WESTON and WESTON FAMILY, LLC,<br><br>    Defendants Solely for Purpose of Equitable Relief. | Civil Action No.<br>2:06-CV-00779-RCJ-GWF<br><br>**ORDER**<br><br>Judge:   Hon. Robert C. Jones |

On November 16, 2006, William A. Leonard, Jr., the court-appointed Receiver in the instant case, filed his Motion for Court Instructions re Disbursement and Reservation of Receivership Assets. The SEC and Defendants have both filed memoranda concerning this Motion. At the hearing on December 1, 2006, this Court ordered that no disbursements of assets be made until further order of the Court. The Court further suggested that Mr. Leonard retain advice by tax counsel concerning the issues of responsibility for potential tax obligations arising from the Receivership. The parties agreed that counsel for the Receiver, Sullivan, Hill, Lewin, Rez & Engel,

could provide that tax advice. Mr. Joseph Marshall of Sullivan, Hill, Lewin, Rez & Engel provided telephonic advice during the telephonic informal meeting with the Court held December 6, 2006. A copy of the tax advice letter was provided to all parties and to the Court on December 11, 2006. On December 7, 2006, this Court entered an order permitting its *lis pendens* to be expunged on the property commonly known as 6878 Mesa Grove Court, Las Vegas, Nevada 89120 (the "Subject Property") in exchange for the delivery of $925,000 in net proceeds from loans secured by a first deed of trust and second deed of trust on the Subject Property which funds were directed to be delivered to and held by the Receiver subject to the further order of this Court. The Court ordered that a further hearing on the Rescission Offer be set for Tuesday, December 12, 2006 at 9:00 a.m. before the above-entitled court.

In Section II, paragraph 1 of the Order Expanding Receivership Power and Approving the Rescission Offer executed by this Court on September 8, 2006 it was ordered that: "The Receiver will refrain from exercising any powers excepting those deemed necessary to maintain and protect Receivership Assets or Receivership Records... ." That understanding of the Receiver's limited responsibility is hereby reaffirmed.

IT IS ORDERED, based upon the Receiver's limited responsibilities and obligations pursuant to this Receivership, the Court finds the Receiver has no responsibility to file tax returns on behalf of any of the Receivership Defendants and the Receiver is relieved of any responsibility to make any such filing and further the Receiver shall not file any such tax returns for any of the Receivership Defendants.

IT IS FURTHER ORDERED that the Receivership Defendants and each of them are directed to file tax returns for the period including the period of the existence of the Receivership and also for each period during which Receivership Assets were raised or acquired and expenditures were made relating to the Receivership assets. Such returns shall be filed promptly and in compliance with obligations pursuant to the Internal Revenue Code.

IT IS FURTHER ORDERED that the Receivership Defendants shall provide evidence of filing of all such tax returns described in the above paragraph and shall further provide copies of the filings with the SEC and the Receiver promptly upon the filing. Neither the SEC nor the Receiver

shall have any responsibility to verify the accuracy or appropriateness of the tax returns or any of the statements made therein. If either the SEC or Receiver believes there has been a failure in regard to the filing(s), they shall bring that failure to the attention of this Court.

IT IS FURTHER ORDERED, with respect to the Rescission Offer, that once the Receiver has:

- Physical possession of cash or verified funds on deposit in the amount of not less than $2,668,954 ($2,568,954 to be disbursed to investors in interest payments and rescission payments and $100,000 reserved for costs of Receivership); and
- Confirmed the availability of sufficient bonds to satisfy the selection of investors of Five Thousand Four Hundred Fifty Nine (5,459) Pre-World War II German Gold Bearer Bonds each in the face amount of $1,000 per bond taking into account the Loan Agreements and Releases provided by certain investors

the Receiver shall be authorized to write checks and disburse those checks to the electing investors in accordance with the selections of such investors (copies of the election results having been provided to the SEC and the Receivership Defendants). Once the bonds and funds are in the possession of the Receiver said disbursement of funds shall take place forthwith.

IT IS FURTHER ORDERED that upon receipt of the necessary bonds and cash, the Receiver will transfer possession of the bearer bonds to Defendant Weston. The obligation and responsibility of providing the bonds to the electing investors pursuant to the orders approving the Rescission Offer shall be with Defendant Weston and not the Receiver. The Receiver and Defendant Weston shall agree on a protocol for the selection and distribution of the bonds. Weston shall provide an accounting with proof of distribution of the bonds, to the Receiver and the SEC promptly upon distribution of the bonds. Proof of distribution shall be filed with the court.

IT IS FURTHER ORDERED that the intervention motion filed herein on December 5, 2006 shall not impede the distribution ordered herein pursuant to the Rescission Offer.

IT IS FURTHER ORDERED that upon distribution of the bonds and disbursement of the checks, the Receiver and his counsel shall promptly apply to this Court for approval of their fees

and expenses incurred in this Receivership. A hearing will be held thereon. At the time of this hearing, the Receiver shall receive instructions as to any further action(s) required of him.

IT IS SO ORDERED.

Dated: December 13, 2006.

_____
Hon. Robert C. Jones
United States District Court Judge

C:\Documents and Settings\cf\Local Settings\Temporary Internet Files\OLK2C4\PCDOCS-#264927-v1-Order_Re_Motion_for_Court_Instruction.DOC

4