UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA
LAS VEGAS DIVISION

---

**SECURITIES AND EXCHANGE COMMISSION**,

　　　　Plaintiff,

　　vs.

**INTEGRATED EQUITIES, INC.,** and
**JEFFREY ALLEN WESTON,**

　　　　Defendants,

and

**BRENDA M. WESTON and WESTON FAMILY, LLC,**

　　　　Defendants Solely for Purpose
　　　　of Equitable Relief

---

Civil Action No.:
2:06-CV-00779-RCJ-CWF

**FINAL JUDGMENT BY CONSENT GRANTING
PERMANENT INJUNCTIONS AND OTHER EQUITABLE RELIEF
AS TO DEFENDANTS AND RELIEF DEFENDANTS**

　　　　This matter came before this Court on the application of Plaintiff Securities and Exchange Commission ("Commission"), by consent of Defendants Integrated Equities, Inc. ("IEI") and Jeffrey Weston ("Weston")(collectively "Defendants") and Relief Defendants Brenda M. Weston ("B.Weston") and Weston Family, LLC (collectively "Relief Defendants"), for issuance of this Final Judgment By Consent Granting Permanent Injunctions and Other Relief As to Defendants and Relief Defendants ("Final Judgment"). The Court finds entry of this Final Judgment reasonable and appropriate in light of the following:

RE:  SEC v. *Integrated Equities, Inc.,* et al.　　　　　　　　　　　　　　　　　　　　1
*Final Judgment By Consent*

1.   On or about March 1, 2007, Defendants and Relief Defendants provided this Court with a Stipulation and Consent ("Consent") in which, *inter alia*, they (1) acknowledged and admitted the *in personam* jurisdiction of this Court over them and the subject matter jurisdiction of this Court over the claims by the Commission herein; (2) waived entry of findings of fact and conclusions of law under Fed. R. Civ. P. Rule 52, and (3) consented, for purposes of this action only, to the entry of a Final Judgment, without admitting or denying any of the allegations of the Commission's Complaint, except as to jurisdiction, and without admitting or denying any violation of the federal securities laws, as set forth herein.

2.   On March 21, 2007, the Court entered the Interlocutory Judgment by Consent Granting Permanent Injunction and Other Equitable Relief as to Defendants and Relief Defendants ("Interlocutory Judgment)." The Interlocutory Judgment resolved all issues of relief against each Defendant and Relief Defendant, with the exception of the Commission's claim for civil penalties against Defendants IEI and Weston, pursuant to Section 20(d) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. S 77t(d)] and Section 21(d)(3) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78u(d)(3)]. Section V of the Interlocutory Judgment states that appropriate civil penalties shall be "determined by the Court in accordance with a procedure approved by the Court in a separate order."

3.   On March 21, 2007, the Court also entered a Stipulation and Order Approving Procedure for the Determination of Civil Money Penalties Against Defendants Integrated Equities, Inc. and Jeffrey Allen Weston ("Procedure Order"). The Procedure

Order states that, following the submission of specified information by the parties and the Receiver, the Court would determine appropriate civil penalties.

4. The Procedure Order provides that "[f]ollowing the Court's determination of appropriate civil penalties, the Commission and Defendants will submit a stipulation and propose a final judgment incorporating the civil penalty amount or amounts determined by the Court."

5. On January 23, 2008, pursuant to the Procedure Order, the required submissions of the parties and the Receiver, and the entire record in this matter, the Court issued an Order imposing $50,000 in civil penalties, jointly and severally, against IEI and Weston for violations of the securities laws ("Civil Penalty Order").

**IT IS THEREFORE ORDERED:**

I.

IEI and Weston, their agents, servants, employees, attorneys-in-fact, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, are hereby permanently restrained and enjoined from violating Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") as amended [15 U.S.C. § 78j], and Rule 10b-5 [17 C.F.R. § 240.10b-5] thereunder, by directly or indirectly, in connection with the purchase or sale of any security, making use of any means or instrumentalities of interstate commerce or of the mails, or of any facility of any national securities exchange:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or omit to state a

material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

II.

IEI and Weston, their agents, servants, employees, attorneys-in-fact, and all other persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, are hereby permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") as amended [15 U.S.C. § 77q(a)], by, in the offer or sale of any security, making use of any means or instruments of transportation or communication in interstate commerce, or of the mails, directly or indirectly:

  (a) to employ any device, scheme or artifice to defraud;

  (b) to obtain money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

  (c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon any purchaser.

III.

IEI and Weston, their agents, servants, employees, attorneys, and all other persons in active concert or participation with them who receive actual notice of this

Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. § 77e(a), (c)], directly or indirectly, by:

    (a)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell a security through the use or medium of a prospectus or otherwise, unless a registration statement is in effect as to such security; or

    (b)    carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale, unless a registration statement is in effect as to such security; or

    (c)    making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IV.

IEI and Weston are jointly and severally liable for disgorgement of $7,283,000, representing unjust enrichment gained as a result of the conduct alleged in the

RE:  SEC v. *Integrated Equities, Inc.*, et al.  
*Final Judgment By Consent*  
    5

Complaint, together with prejudgment interest thereon in an amount of $744,954.  On or about December 15, 2006, Receiver William A. Leonard, Jr., pursuant to the Order Expanding Receivership and Approving Rescission Offer, entered September 11, 2006, Receiver William A. Leonard, Jr. distributed funds and assets to investors sufficient to satisfy the disgorgement liability of IEI and Weston.

V.

Defendants IEI and Weston shall pay $50,000 in civil penalties, jointly and severally, Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act, as set forth at length in the Court's Civil Penalty Order.  Defendants shall satisfy this obligation by paying the required funds to the Clerk of this Court, together with a cover letter identifying Defendants as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is made pursuant to this Final Judgment.  Defendants shall simultaneously transmit photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Defendants relinquish all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Defendant.  Defendants shall pay post-judgment interest on any delinquent amounts pursuant to 28 USC § 1961.

The Clerk shall deposit the funds into an interest bearing account with the Court Registry Investment System ("CRIS") or any other type of interest bearing account that is utilized by the Court.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until

further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

      The Commission may by motion propose a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.  Regardless of whether any such Fair Fund distribution is made, amounts ordered to be paid as civil penalties pursuant to this Judgment shall be treated as penalties paid to the government for all purposes, including all tax purposes.  To preserve the deterrent effect of the civil penalty, Defendants shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendants' payment of disgorgement in this action, argue that they are entitled to, nor shall they further benefit by, offset or reduction of such compensatory damages award by the amount of any part of Defendants payment of a civil penalty in this action ("Penalty Offset").  If the court in any Related Investor Action grants such a Penalty Offset, Defendants shall, within 30 days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs.  Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this Judgment.  For purposes of this

paragraph, a "Related Investor Action" means a private damages action brought against Defendants by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

VI.

Relief Defendants B. Weston and Weston Family LLC are liable, jointly and severally, with each of the Defendants, to pay disgorgement in the amount of $1,339,560, representing unjust enrichment obtained as a result of allegations contained in the Commission's Complaint, plus prejudgment interest in the amount of $165,033. By virtue of the distribution of funds and assets by the Receiver described in Section IV, the obligation of B. Weston and Weston Family, LLC to pay disgorgement and prejudgment interest has been fully satisfied.

VII.

This Court shall retain jurisdiction over this action for all purposes, including for purposes of entertaining any suitable application or motion by the Commission for additional relief within the jurisdiction of this Court.

VIII.

This Final Judgment may be served upon Defendants and Relief Defendants in person, by electronic mail or by certified mail, either by the United States Marshal, the Clerk of the Court, or any member of the staff of the Securities and Exchange Commission.

IX.

The Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendants and Relief Defendants shall comply with all of the undertakings and agreements set forth therein.

X.

This Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

XI.

There being no just reason for delay, the Clerk of this Court is hereby directed to enter this Final Judgment pursuant to Rules 54, 58 and 79 of the Federal Rules Civil Procedure.

SIGNED:  February  15    , 2008.

_____
ROBERT C. JONES
UNITED STATES DISTRICT COURT JUDGE